CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 31 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Jaralee
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| MARVIN W. WOOLDRIDGE,<br><br>*Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 6:05-CV-00029<br><br><br>OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

On July 29, 2005, Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner's denial of his claim for Supplemental Security Income under Title XVI of the Social Security Act. By standing order of the Court, this case was referred to the Honorable Michael F. Urbanski, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. Plaintiff and Defendant filed motions for summary judgment motion on December 19, 2005, and February 21, 2006, respectively. The Magistrate filed his Report and Recommendation ("Report") on May 15, 2006, recommending that this Court enter an Order affirming the denial of benefits

On May 23, 2006, Plaintiff filed Objections to the Report, which obligated this court to make a *de novo* determination with respect to those portions of the report to which objections were made. 28 U.S.C.A. § 636(b)(1). After a thorough examination of Defendant's objections, the applicable law, and the documented record, this Court adopts the Report in full.

## I. BACKGROUND

The Plaintiff filed an initial claim for Supplemental Security Income and Disability Insurance Benefits on February 5, 2003. It was denied initially and on reconsideration. A hearing before an Administrative Law Judge (ALJ) was held on February 9, 2005. The ALJ found that Plaintiff was not insured for DIB as of his filing date, so there was no possibility of receiving payments under Title II. The ALJ went on to find that Plaintiff was not disabled under the relevant regulations, and thus denied the claim for SSI. This lawsuit follows.

The Plaintiff claims disability based on injury to his left shoulder, caused by a fall, degenerative disc disease of the neck, low back pain, and mental impairments.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1990).

It is the duty of the Commissioner reviewing a case, not the responsibility of this Court, to make findings of fact and to resolve conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) (holding that the court does not find facts or try the case de novo when reviewing disability determinations).

## III. DISCUSSION

Plaintiff contends that the ALJ erred by 1) failing to give controlling weight to Dr. Hopkins, who treated Plaintiff for his various orthopedic complaints, and 2) failing to give controlling weight to the non-examining State Agency physician, Dr. Entlin, on the question of mental impairments. These two arguments are in tension, and will be evaluated in turn.

As is clear from the both the opinion of the ALJ (R. 17-31) and the Report, great weight has been given at all levels to the opinion of Dr. Hopkins. His reports have been studied and quoted at length in both opinions. Although treating physicians are not entitled to be given controlling weight to the exclusion of all other record evidence, doing so in this case would not change the conclusion. Dr. Hopkins repeatedly described limitations consistent with sedentary to light work. He repeatedly urged Plaintiff to find work consistent with his limitations, which he surely would not have done if he regarded Plaintiff as totally disabled. He recommended exercise and physical therapy, both of which are consistent with a conclusion that Plaintiff is not disabled now, and has the potential for meaningful improvement in his condition.

Plaintiff is actually asking that controlling weight be given to a single sentence in a letter written to Plaintiff's counsel on September 2, 2004, after denial but before the hearing before the ALJ. (R. 227-28) This letter states limitations consistent with light (or even medium) or sedentary work. The only sentence remotely inconsistent with this conclusion is "On his bad days, [Plaintiff] may even need to be able to lie down on occasion." There is no indication of how frequently these "bad days" occur, what accommodations might help to prevent them, or what modes of treatment (such as additional pain medication) might allow the Plaintiff to survive them. All workers must occasionally miss work because of illness or injury. All workers must occasionally work even when in pain or ill, to complete the job at hand. The mere possibility of

some sick days, even with their origin in a chronic dysfunction, does not render a worker "disabled." Furthermore, the ALJ was entitled to reject this single sentence given the overwhelming weight of the remainder of the evidence, including that provided by Dr. Hopkins, that Plaintiff was not disabled.

Turning to the opinion of the non-examining psychiatrist, the Plaintiff's objection is similarly rooted in an attempt to cherry-pick evidence. Dr. Entlin did note moderate limitations in Plaintiff's vocational mental functioning. However, he also wrote that Plaintiff had an "unlimited" ability to handle simple and repetitive tasks and carry out simple instructions. Other physicians, including those who actually met with and examined Plaintiff, reached similar conclusions. As set out in the Report, these mental limitations were put to the Vocational Expert who testified that they would not preclude Plaintiff from working.

## IV. CONCLUSION

Even assuming that Dr. Hopkins is entitled to be the sole arbiter of Plaintiff's claim, his medical evaluations are inconsistent with a finding of disability. Dr. Entlin's alleged finding of disability is undermined by his own evaluation as described in the Report, as well as by the evaluations of doctors who actually examined Plaintiff.

The conclusions of the ALJ are supported by substantial evidence. The Report of the Magistrate Judge is ADOPTED in its entirety. The Commissioner's denial of benefits is AFFIRMED. The Defendant's motion for summary judgment is GRANTED. The Plaintiffs motion for summary judgment is DENIED. This case shall be stricken from the docket of this Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all

counsel of record.

ENTER: ///*signature*/// 
U.S. District Court Judge

DATE: October 31, 2006